**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: ENHANCED RECOVERY
COMPANY, LLC, TELEPHONE
CONSUMER PROTECTION ACT
LITIGATION

Case No. 6:13-md-2398-Orl-37GJK
(MDL No. 2398)

This document relates to all actions.

---

**PRETRIAL ORDER NO. 1**

### I. Pretrial Consolidation and Case Identification

These actions[1] are hereby consolidated into one action[2] for all pretrial purposes, pursuant to Federal Rule of Civil Procedure 42(a). This Order shall govern all actions entered in MDL No. 2398, regardless of whether that case was part of MDL No. 2398 when this Order was entered.

All filings made in this consolidated action shall bear the same caption as this Order. If the filing is generally applicable to all actions, the caption shall include the notation, "This document relates to all actions," and the Clerk shall docket the document only in the lead case. If a filing relates only to a particular case, the caption shall include

---

[1] As of the date of this Order, this consolidated action includes the following member cases: Case Nos. 6:13-cv-42 (formerly 3:10-cv-1178 in the Jacksonville Division of the Middle District of Florida); 6:13-cv-43 (formerly 3:12-cv-664 in the Jacksonville Division); 6:13-cv-44 (formerly 3:12-cv-1236 in the Jacksonville Division; 1:10-cv-5469 in the Northern District of Illinois); 6:13-cv-45 (formerly 3:12-cv-1269 in the Jacksonville Division; 0:12-cv-61086 in the Southern District of Florida); 6:13-cv-46 (formerly 3:12-cv-1288 in the Jacksonville Division; 1:11-cv-5270 in the Eastern District of New York); 6:13-cv-47 (formerly 3:12-cv-1290 in the Jacksonville Division; 2:12-cv-418 in the Eastern District of New York); and 6:13-cv-48 (formerly 3:12-cv-1297 in the Jacksonville Division; 3:12-cv-435 in the Southern District of California).

[2] Before transfer to this Division, this case was formerly Case No. 3:12-md-1 in the Jacksonville Division.

the notation, "This document relates to Member [Case No.]," and the Clerk shall docket the document in both the lead case and the member case.

## II. Initial Status Conference and Subsequent Status Conferences

The initial status conference for this consolidated action shall take place on Tuesday, February 26, 2013, at 10:00 a.m., in Courtroom 4A in the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida. Thereafter, status conferences will be held on a monthly basis or as otherwise directed by the Court.[3]

All parties are required to attend the initial status conference. Thereafter, all parties are not required to attend but shall be represented by lead and liaison counsel.

To aid the Court, lead and liaison counsel shall meet and confer at least ten days prior to each future status conference in order to agree upon a proposed conference agenda, which they shall submit to the Court at least three days prior to the conference. The proposed conference agenda shall state whether the issues to be discussed are purely discovery-related or whether they are dispositive.[4]

The agenda for the initial status conference shall be: (1) appointment of lead and liaison counsel; and (2) briefing regarding the current status of each member case.

## III. Admission of Counsel and Appointment of Lead and Liaison Counsel

Attorneys admitted to practice and in good standing of the Bar of any U.S. District Court shall be admitted to practice in this litigation upon the filing of a Notice of Appearance in both the lead case and the member case in which they seek to appear. Counsel shall maintain an updated email address so as to receive copies of all filings in

---

[3] Notices with dates and times for future conferences will be entered separately.
[4] If lead and liaison counsel determine that they have no issues for discussion, the proposed agenda shall include that information; however, the Court may choose to cancel the monthly conference only as it deems necessary.

this litigation via CM/ECF. The Court waives any *pro hac vice* admission fees associated with this action.

Counsel shall familiarize themselves with this District's Local Rules. Counsel are particularly reminded of the meet-and-confer requirement of Local Rule 3.01(g).[5]

The first item on the agenda for the initial status conference shall be the appointment of lead and liaison counsel. Lead counsel is "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation." *Manual for Complex Litigation* § 10.221 at 25 (Fed. Jud. Ctr. 4th ed. 2004). Liaison counsel is "[c]harged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions." *Id.* at 24. Specific functions for lead and liaison counsel will be discussed at the initial status conference.

If the parties can come to a consensus as to appropriate lead and liaison counsel, they shall submit a joint proposal to the Court. If the parties cannot come to a consensus, then counsel shall submit applications for lead and liaison counsel detailing

---

[5] "Before filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." M.D. Fla. R. 3.01(g).

To properly "confer" means to "speak to each other in person or by telephone." *Davis v. Apfel*, No. 6:98-cv-651, 2000 WL 1658575, at *2 (M.D. Fla. Aug. 14, 2000). Letters and emails do not suffice to meet counsel's 3.01(g) obligations. *See, e.g.*, *Broughton v. City of Jacksonville*, No. 3:06-cv-234, 2007 WL 2964174 (M.D. Fla. Oct. 10, 2007).

their expertise, experience, prior work in multidistrict litigation, the depth of their familiarity with the facts and circumstances of their member case and the litigation as a whole, the extent of their involvement in this particular case, the size of their firm, their ability to take on the leadership role to the extent it may marginalize their other workload, and their availability and preparedness to appear in person at each status conference and other hearings in this case.

On or before Friday, February 1, 2013, counsel shall file a joint notice notifying the Court whether they have come to a consensus regarding the appointment of lead and liaison counsel. If counsel notifies the Court that they cannot come to a consensus, then counsel may file their individual applications on or before Friday, February 8, 2013.

### IV.   Briefing Regarding the Current Status of Each Member Case

The second item on the agenda for the initial status conference shall be a discussion of the current status of each member case. Each party shall, on or before Friday, February 1, 2013, submit a brief of no more than ten pages outlining their view of: (1) the primary facts, allegations, claims, and defenses involved in the litigation, together with any other pertinent legal and factual background; (2) the status of discovery to date; (3) the party's position on the necessity of further discovery, including an overview of the scope of such discovery and any associated potential problems; (4) the status of motions, decisions, and other important events in the litigation to date; (5) whether a class has been certified in the action, if applicable, and how much discovery has been done on the class-certification issue; (6) whether the party believes that alternative dispute resolution may be helpful to the litigation; and (7) any other relevant information.

These briefs will not be binding, will not waive any claims or defenses, and may

4

not be offered in evidence against any party in later proceedings; they are simply to assist the Court with an overview of the litigation.

### V.     Stay of Proceedings & Denial Without Prejudice of Pending Motions

All of these actions are stayed in all respects pending entry of further orders of this Court. To the extent that there are existing deadlines, those deadlines are hereby stayed pending further determination.

All motions pending as of the date of this Order are hereby denied without prejudice. Parties seeking relief should renew such motions by refiling them in the individual member cases or in the lead case, as appropriate.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 15, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

5