UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: ENHANCED RECOVERY COMPANY,
LLC TELEPHONE CONSUMER PROTECTION
ACT LITIGATION

    v.           Case No. 6:13-md-2398-Orl-37GJK
                         (MDL 2398)

This document related to Member Case No: 6:13-cv-42
_____

**PLAINTIFF'S BRIEF REGARDING THE STATUS OF
BLAKE v. ENHANCED RECOVERY COMPANY, LLC**

   NOW COMES, Plaintiff, LATASHA BLAKE, who submits her, PLAINTIFF'S BRIEF In Re: Pretrial Order Regarding the Current Status of Blake v. ERC, pursuant to this Court's January 16, 2013 Order and would show the following:

**FACTUAL AND LEGAL BACKGROUND**

1. Latasha Blake ("Blake") filed her putative class action suit against Defendant, Enhanced Recovery Company, LLC ("ERC") pursuant to the Telephone Consumer Protection Act ("TCPA"). This case was assigned to the Honorable Judge Dalton and all hearings and motions in this matter have been either reviewed or ruled upon by him or Magistrate Toomey. Although Plaintiff's Counsel are certain that this Court is well aware of most of the background facts of this case, Plaintiff will briefly summarize for the Court.

2. Blake's Complaint alleges that she received debt collection phone calls from ERC that were placed to her cellular telephone in violation of the TCPA. Pursuant to the Court's scheduling order, the parties conducted discovery including several depositions. The court set an initial deadline for the termination of class discovery and a deadline for the Plaintiff to submit her Motion for Class Certification. Judge Dalton entered an order initially denying the Plaintiff's Motion for Class Certification without prejudice. Moreover, he entered a new scheduling order extending the dates

for class discovery and setting new deadlines for the re-submission of Plaintiff's Motion for Certification.

3. The Court's Order Denying Class Certification specifically addressed two issues: the need for more evidence by the Parties concerning Numerosity and express consent; and further briefing on the issue of which party bears the burden of proving prior express consent. The Plaintiff contends that the issue of burden has been well settled in almost every United Stated Circuit Court. In fact, the Plaintiff cites to at least a dozen cases in her Amended Motion for Class Certification upholding the Plaintiff's position. Presently, there are two key disputed issues to be addressed: whether the issue of consent and the evidence present by counsel is sufficient to create individualized factual issues such that class certification is not proper, and whether Blake has standing to recover under the consumer statute.

4. Plaintiff's counsel committed considerable time and expense into conducting a much broader range of discovery including the accumulation and analysis of millions of pieces of information. After such discovery had been conducted, the Plaintiff moved again for certification and the Defendant filed its response. Before the Jacksonville Court had an opportunity to rule, this case was consolidated and transferred to the present MDL action.

## STATUS OF DISCOVERY

5. By order of the Court, the Deadline to complete class discovery for the purpose of class certification terminated before this case was consolidated. Thus, there are no outstanding requests or deadlines.

## ADDITIONAL DISCOVERY NEEDED

6. The Plaintiff has conducted all necessary discovery to move for class certification. In the event of certification, Plaintiff would need additional discovery regarding these topics: identification of all class members, all telephone numbers dialed by ERC during the new class period, some third-party vendor information regarding "skip-tracing" performed by ERC, and the wealth of ERC.

## STATUS OF MOTIONS AND IMPORTANT EVENTS

7. The Jacksonville Court before the Honorable Judge Dalton accepted the re-submission of Plaintiff's Amended Motion to Certify. Before July 30, 2012, when the Court stayed ruling of the issue pending the ruling on Multi-District Litigation , the Jacksonville Court had accepted the briefs and taken them under advisement.

## STATUS OF CLASS CERTIFICATION

8. Plaintiff's renewed motion for class certification was filed and fully briefed.

## PLAINTIFF'S POSITION ON ALTERNATE DISPUTE RESOLUTION

9. Plaintiff has been wiling to and has urged ERC to commit to a mediation date. Although certain dates for mediation have been scheduled, they have been repeatedly cancelled.

## OTHER RELEVANT INFORMAITON

10. None at this time.

Respectfully submitted,

\_\_\_Joel S. Treuhaft_____
Joel S. Treuhaft
Florida State Bar No. 516929
Brian J. Trenz (pro hac vice admission)
David P. Schafer (pro hac vice admission)
P.O. Address:
Palm Harbor Law Group, P.A.
2997 Alternate U.S. 19, Suite B
Palm Harbor, Florida 34683
Phone: (727) 213-6933
E-Mail: jstreuhaft@yahoo.com

**CERTIFICATE OF SERVICE**

  I certify by my electronic signature below that a copy of the foregoing was filed electronically on February 1, 2013 and that Notice of the foregoing was sent to the following parties via the Court's electronic filing system.  I also certify that each party below is a member of the Court's electronic filing system.

James K. Schultz
Attorney for Defendant, ERC
Sessions, Fishman, Nathan & Israel, LLC
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
(312) 578-0990
(312) 578-0991 (fax)

                Respectfully submitted,

                ___ Joel S. Treuhaft_____
                Joel S. Treuhaft
                Florida State Bar No. 516929
                Brian J. Trenz (pro hac vice admission)
                David P. Schafer (pro hac vice admission)
                P.O. Address:
                Palm Harbor Law Group, P.A.
                2997 Alternate U.S. 19, Suite B
                Palm Harbor, Florida 34683
                Phone: (727) 213-6933
                E-Mail: jstreuhaft@yahoo.com