**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: ENHANCED RECOVERY
COMPANY, LLC, TELEPHONE
CONSUMER PROTECTION ACT
LITIGATION

Case No. 6:13-md-2398-Orl-37GJK
(MDL No. 2398)

This document relates to all actions.

**PRELIMINARY APPROVAL ORDER**

This cause is before the Court on the parties' Joint Motion to Preliminarily Approve Class Action Settlement, Certification of a Class for Settlement Purposes, and Approval of Notice to the Class and Incorporated Memorandum of Law (Doc. 105), filed January 29, 2014. In light of the parties' agreement and the record to date, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion to Preliminarily Approve Class Action Settlement, Certification of a Class for Settlement Purposes, and Approval of Notice to the Class and Incorporated Memorandum of Law (Doc. 105) is **GRANTED**.

2. Solely for purposes of settlement, the following Settlement Class is provisionally certified pursuant to Fed. R. Civ. P. 23(b)(2):

    a. All persons within the United States (a) who, on or after August 30, 2006, (b) received any telephone call from Defendant Enhanced Recovery Company ("ERC") or its agents to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, (c) which call was not made for emergency purposes, (d) where ERC's records do not

       show that the person provided the number to ERC or the original creditor (for example, where the number was obtained through skip tracing or captured by ERC's equipment from an inbound call).

3. Based on the parties' stipulations, and for settlement purposes only:

   a. The Class as defined is sufficiently numerous such that joinder is impracticable;

   b. Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not ERC violated the Fair Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, by, without consent, making calls to the cell phones of Plaintiffs and Class Members using an Automatic Telephone Dialing System or leaving messages with an artificial or prerecorded voice;

   c. The claims of Plaintiffs Latasha Blake, Teresa Soppet, Loidy Tang, Wannett Drinning-Duffee, and Ronnie Duffee are typical of the Class Members' claims;

   d. Plaintiffs Latasha Blake, Teresa Soppet, Loidy Tang, Wannett Drinning-Duffee, and Ronnie Duffee are appropriate and adequate representatives for the Class, and their attorneys, James O. Latturner and the Law Offices of Edelman, Combs, Latturner and Goodwin, LLC, and David Schafer and the Law Offices of David Schafer, are hereby appointed as Class Counsel; and

   e. ERC has acted or refused to act on grounds that apply generally to

       the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

4. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, ERC shall, pursuant to the Settlement Agreement (*see* Doc. 105, App'x 1), retain its right to contest certification of the Class.

5. The Court approves the proposed form of notice to the Class and directs that notice be implemented in accordance with both the Settlement Agreement and Plaintiffs' Proposed Supplemental Notice Plan (*see* Doc. 112), with which ERC concurs (*see* Doc. 118). Class Counsel shall file an affidavit with the Court at least five (5) business days prior to the Final Approval Hearing attesting that notice has been so given.

6. The Court finds that the notice proposed in Paragraph 2.8 of the Settlement Agreement along with the notice described in Plaintiffs' Proposed Supplemental Notice Plan is the only form of notice to the Class Members that is required. The Court further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

7. Class Members shall have ninety (90) days from the date of this Order to object to the proposed Settlement Agreement.

8. Any Class Member who objects to the settlement contemplated by the Settlement Agreement shall have a right to appear and be heard at the Final Approval Hearing, provided that such Class Member files with the Court and

delivers to Class Counsel and ERC's counsel a written notice of objection together with a statement of reasons for the objection, postmarked no later than ninety (90) days from the date of this Order. Class Counsel and ERC's counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than five (5) business days prior to the Final Approval Hearing.

9. A Final Approval Hearing on the fairness, reasonableness, and adequacy of the Settlement Agreement shall be held before the undersigned on **Tuesday, July 29, 2014, at 9:00 a.m.**, in Courtroom 4A of the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida 32801.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 25, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

4