# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: ENHANCED RECOVERY
COMPANY, LLC, TELEPHONE
CONSUMER PROTECTION ACT
LITIGATION

Case No. 6:13-md-2398-Orl-37GJK
(MDL No. 2398)

This document relates to all actions.

## FINAL APPROVAL ORDER

This cause is before the Court on the joint request of Plaintiffs, the Class Members, and Defendant Enhanced Recovery Company ("ERC") for final approval of the Class Action Settlement Agreement.

Having considered the papers submitted to the Court and all proceedings to date, the Court **FINDS**:

1. This Court has jurisdiction over the subject matter of this lawsuit, the Class Representatives, the Class Members, and Defendant.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(2): All persons within the United States (a) who, on or after August 30, 2006, (b) received any telephone call from ERC or its agents to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, (c) which call was not made for emergency purposes, (d) where ERC's records do not show that the person provided the number to ERC or the original creditor (for example, where the number was obtained through skip tracing or captured by ERC's equipment from an inbound call).

3. This Settlement Class is certified because:

   a. The class as defined is sufficiently numerous such that joinder is impracticable;

   b. Common questions of law and fact predominate over any questions affecting only individual Class Members and include whether or not ERC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*;

   c. The claims of Plaintiffs Latasha Blake, Teresa Soppet, Loidy Tang, Wannett Drinning-Duffee, and Ronnie Duffee are typical of the Class Members' claims;

   d. Plaintiffs Latasha Blake, Teresa Soppet, Loidy Tang, Wannett Drinning-Duffee, and Ronnie Duffee are appropriate and adequate representatives for the Class, and their attorneys, James O. Latturner and the Law Offices of Edelman, Combs, Latturner and Goodwin, LLC, and David Schafer and the Law Offices of David Schafer, are qualified to serve as counsel for Plaintiffs and the Settlement Class;

   e. ERC has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole;

   f. Questions of law or fact common to the members of the Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and

    efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

  g. This action is manageable as a class action.

4. Notice was given to the Class pursuant to the Preliminary Approval Order and the Settlement Agreement.

5. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the U.S. Constitution, and any other applicable law.

6. No members of the Settlement Class objected to the Settlement Agreement.

7. The Settlement Agreement is fair, reasonable, and adequate.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Settlement Agreement is finally **APPROVED** and the Settling Parties shall implement it pursuant to its terms.

2. All claims against ERC, including all Released Claims set forth in the Settlement Agreement, are **DISMISSED WITH PREJUDICE**.

3. This Court **AWARDS** to Class Counsel their attorneys' fees and costs in the amount of $1,250,000, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation and upon review of counsel's billing records.

4.  This Court **APPROVES** payment of $10,000 to each representative Plaintiff for his or her damages and services to the Settlement Class.

5.  This Court **RESERVES** exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement or Judgment.

6.  Except as otherwise provided in the Settlement Agreement or herein, the Settling Parties **SHALL** bear their own attorneys' fees and costs.

7.  The absent Class Members **RETAIN** their right to bring individual lawsuits against ERC for violations of the TCPA.

8.  ERC is **ORDERED** to comply with the following injunctive relief, as described in the Settlement Agreement:

    a.  ERC shall strictly log and categorize consent.

    b.  ERC shall strictly and routinely search and scrub every number provided to it by the original creditor to determine if it is a cellular telephone number and keep a log of said numbers.

    c.  If ERC obtains any new telephone numbers for debtors from any source (relatives, public resources, skip tracing, or otherwise), then those numbers must be scrubbed utilizing reasonable procedures to determine which phone numbers are cellular telephone numbers.

    d.  For each number identified as a cellular telephone number or for which ERC does or may know to be a cellular telephone number, said number must not be called utilizing ERC's auto-dialer unless

       there is prior express consent as contemplated by the TCPA.

   e. For each cellular telephone number for which ERC does not have concrete evidence of consent, ERC must hand-dial the number until ERC is able to obtain prior express consent.

   f. Prior express consent must be clear and formally stated by the debtor in question.

   g. Prior express consent must be clearly and conspicuously noted in the computer system utilized by ERC debt collectors.

8. The Court has been advised that the individual claims of Plaintiffs Teresa Soppet and Loidy Tang against Defendant Illinois Bell Telephone Company have been settled. The Court **RETAINS** jurisdiction over those claims for sixty (60) days after the entry of this Order pending the finalizing of the settlement.

9. The Clerk is **DIRECTED** to close Member Case Nos. 6:13-cv-42 and 6:13-cv-43.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 6, 2014.

 

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record